IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00677-BNB

WADE COLE,

    Applicant,

v.

VANCE EVERETT, Warden, Kit Carson Correctional Center, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Wade Cole, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Kit Carson Correctional Center in Burlington, Colorado. On April 23, 2012, Mr. Cole filed *pro se* an [amended] application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 5) challenging the validity of Colorado's Sex Offender Lifetime Supervision Act of 1998 ("SOLSA"), COLO. REV. STAT. ("C.R.S.") § 18-1.3-1002, *et seq.* (2011). For the reasons stated below, the action will be dismissed for lack of jurisdiction.

    Mr. Cole was sentenced to an indeterminate prison term of ten years to life in the DOC based on his conviction of enticement of a child, a class 3 felony. (ECF No. 5, at 2 of 27). The SOLSA requires that sex offenders receive indeterminate sentences. § 18–1.3–1004, C.R.S. (2011). Specifically, it mandates that those convicted of certain crimes be sentenced to "at least the minimum of the presumptive range specified in section 18–1.3–401 for the level of offense committed and a maximum of the sex

offender's natural life." § 18–1.3–1004(1)(a), C.R.S. (2011). Enticement of a child is one of the crimes to which the Act's sentencing provisions apply. § 18–1.3–1003(5)(a)(VII), C.R.S. (2011).[1] The presumptive sentencing range for a class three felony is four to twelve years of imprisonment. § 18–1.3–401(1)(a)(V)(A), C.R.S. (2011).

Mr. Cole previously has sought habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Douglas County Case No. 01CR384. *See Cole v. Zavar[a]s, et al.*, No. 07-cv-01197-WDM-MJW (D. Colo. June 4, 2009), *certificate of appealability denied*, No. 09-1293 (10th Cir. Oct. 16, 2009). The Court reviewed the merits of Applicant's claims and dismissed the action with prejudice. *Id.*

Mr. Cole alleges in the instant § 2254 Application that he is not seeking to overturn his conviction but is, instead, challenging the constitutionality of the statute under which he was sentenced. However, if Mr. Cole were successful in striking down the state sentencing statute, his sentence would likewise be rendered invalid. As such, his claims attack the legality of his sentence and are cognizable under 28 U.S.C. § 2254. *See generally McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (stating that a § 2254 habeas proceeding is used to "attack the validity of a conviction and sentence").

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Cole must apply to the Circuit Court

---

[1] The enticement of a child conviction is a class three felony if the defendant "has a previous conviction for enticement of a child or sexual assault on a child or for conspiracy to commit or the attempted commission of either offense, or if the enticement of a child results in bodily injury to the child." § 18–3–305(2), C.R.S. (2011).

of Appeals for the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. See id. at 1251. A state prisoner seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Cole does not allege that he has obtained the necessary authorization from the Tenth Circuit to file a second or successive § 2254 application. Therefore, the Court must either dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. See In re Cline, 531 F.3d at 1252. In deciding whether a transfer is in the interest of justice, the Court should consider whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction. Id. at 1251 (citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006)).

In this case, it was clear at the time of filing that the Court lacked jurisdiction over

Mr. Cole's claims because his Application cannot overcome the hurdle of 28 U.S.C. § 2244(b)(2). Mr. Cole challenges the constitutionality of the SOLSA on several grounds. However, his arguments do not rely on a new rule of constitutional law or new facts. The applicable law was available to him at the time he filed his previous § 2254 Application. Furthermore, Applicant does not claim that he is factually innocent.

Mr. Cole asserts in his Reply that his claim was not ripe until he served the minimum term imposed by the state district court for his offense–10 years–which he completed in July 2011. *See* ECF No. 13, at 2-4. Applicant argues that he had no state remedies available to him until that time and, therefore, could not have satisfied the statutory exhaustion requirement. *See* 28 U.S.C. § 2254(b). Mr. Cole's argument is not well-taken. Under Colorado law, he could have challenged the constitutionality of the sentencing statute on direct appeal. *See e.g. People v. Clark*, 214 P.3d 531, (Colo. App. 2009) (challenging indeterminate prison term of thirty-two years to life on direct appeal); *People v. Oglethorpe*, 87 P.3d 129, 133-136 (Colo. App. 2003) (challenging indeterminate prison term of 12 years to life on direct appeal); *People v. Strean*, 94 P.3d 387, 394 (Colo. App. 2002). Alternatively, Mr. Cole had a possible remedy under Colorado Rule of Criminal Procedure 35(c), if he filed a motion within three years after the date of his conviction and sentencing. *See* § 16-5-402(1), C.R.S. (providing that in all cases involving felony offenses other than class one felonies, a collateral attack must be brought within three years of the date of conviction); *see also People v. Firth*, 205 P.3d 445, 452 (Colo. App. 2008) (asserting challenge to SOLSA in Rule 35(c) proceeding); *People v. Collier*, 151 P.3d 668 (Colo. App. 1996) (same). Accordingly,

the Court rejects Mr. Cole's contention that he could not raise his constitutional challenge to the SOLSA in his prior § 2254 application.  *See* 28 U.S.C. § 2244(b).  Because a transfer to the Tenth Circuit Court of Appeals is not in the interest of justice, the action will be dismissed for lack of jurisdiction.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the [amended] habeas corpus application (ECF No. 5) is DENIED and the action is DISMISSED for lack of jurisdiction.  It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of this procedural ruling and Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. Mr. Cole may file a motion in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  11th  day of      July       , 2012.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court